**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

SOB, Inc. a Minnesota corporation, d/b/a "Sugar Daddy's"; Amy Chenoweth; Shannon Wiborg; Kathryn Haskins; Mark Van Gelder; and Mary Clifford Van Gelder,

Plaintiffs,

v.

County of Benton,

Defendant.

Civil No. 01-1239 (DDA/RLE)

**ORDER**

---

RANDALL D.B. TIGUE, Esq. of Minneapolis, Minnesota, for Plaintiffs.

SCOTT ANDERSON, Esq. of Minneapolis, Minnesota, for Defendant.

---

The above-entitled matter is before the undersigned Judge of the above-named Court, without oral argument, on Plaintiffs' motion for attorney's fees and costs pursuant to Title 42 U.S.C. § 1988(b).

Based upon the memoranda of counsel, and upon all of the files, records, and proceedings herein, the Court, being fully advised in the premises, makes the following findings of fact, conclusions of law and order for judgment:

**FINDINGS OF FACT**

1. Plaintiffs in the above-entitled matter commenced this action on or about July 10, 2001.

2. In their complaint, Plaintiffs sought a declaratory judgment that Benton County Ordinance No. 332 was facially unconstitutional under the First and Fourteenth Amendments to the United States Constitution and sought a preliminary and permanent injunction enjoining enforcement of the ordinance.

DEC 2 6 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 2 6 2001
DEPUTY CLERK

3. In the alternative, Plaintiffs sought an order enjoining the enforcement of Ordinance No. 332 by means of custodial arrest.

4 On November 5, 2001, this Court entered an order for judgment denying Plaintiffs' request for declaratory and injunctive relief with respect to the facial validity of the ordinance, but granting Plaintiffs' alternative prayer for relief, enjoining enforcement of the ordinance by means of custodial arrest.

5. In obtaining the relief upon which Plaintiffs prevailed, Plaintiffs claimed attorney's fees and costs in the amount of $3,546.19.

6. The reasonable "lodestar" amount as and for attorney's fees for that portion of the case relating to enforcement of the ordinance by means of custodial arrest is in the amount of:

| | |
|---|---|
| Attorney's Fees | $2,992.50 |
| Paralegal Fees | 280.00 |
| | $3,272.50 |

7. Costs incurred by the Plaintiffs were in the amount of $161.19.

## CONCLUSIONS OF LAW

1. The Plaintiffs did achieve results on a significant issue of the litigation. The issue of whether enforcing the ordinance by means of custodial arrest constitutes a prior restraint was more than an insubstantial part of Plaintiffs' lawsuit.

2. The results obtained on the issue of enforcement of the ordinance by means of custodial arrest did alter the legal relationship between the parties and did result in a change in the Defendant's behavior towards at least some of the Plaintiffs.

3. The Plaintiffs' success in the litigation in comparison to the scope of the litigation as a whole was limited and requires a reduction of the "lodestar" amount attributable to that portion of the litigation upon which the Plaintiffs are the prevailing party.

4. Plaintiffs are entitled to an award of attorney's fees in the amount of $2,000.00 and costs in the amount of $161.19 or a total of $2,161.19.

**ORDER**

**WHEREFORE, IT IS ORDERED**

1. Plaintiffs' motion for an award of attorney's fees and costs be, and hereby is, GRANTED in part.

2. Plaintiffs have judgment against Defendant for attorney's fees and costs in the amount of $2,161.19

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 27, 2001.

DONALD D. ALSOP, Senior Judge
United States District Court